UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PETER JOHN FREY**                                      **DOCKET NO. 2:23-cv-0822**
                                                                            **SECTION P**

**VERSUS**                                                      **JUDGE JAMES D. CAIN, JR.**

**F. MARTINEZ, JR.**                                       **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss (doc. 10) filed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by Felipe Martinez, Jr. ("Respondent"). This motion comes in response to a *pro se* petition for writ of habeas corpus, filed by Peter John Frey ("Petitioner"). Petitioner filed an opposition to the Respondent's motion (doc. 16). The Respondent's motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

### I.
### BACKGROUND

Petitioner is a federal inmate at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"). He is serving a 120-month sentence for violation of 18 U.S.C. § 2442(b), Using a Facility & Means of Interstate Commerce to Attempt to Entice a Minor to Engage in Sexual Activity. *See* 5:16-cr-00032-001 (N.D. Fla.), Judgment in a Criminal Case [doc. 24].

According to BOP records, as of October 29, 2023, Petitioner accrued 1773 FSA programming days that result in earned Time Credits of 490 days towards prerelease custody and 365 days towards release from custody. *Id.* at p. 14. Application of the Time Credits towards Petitioner's release date moves it from May 30, 2025, to May 30, 2024. *Id.* Petitioner's remaining 490 earned days, in excess of the 365 that were already applied towards his release from custody,

have been applied towards prerelease community confinement (Residential Reentry Center or Home Confinement).

On June 16, 2023, Petitioner filed a petition for writ of habeas corpus claiming that the BOP is not properly applying credits he earned under the First Step Act ("FSA"). Specifically, he claims, based upon his FSA Time Credits earned, he should have been afforded prerelease custody placement, i.e., placement in a Residential Reentry Center (RRC), in April 2023, and this Court should direct the BOP to place him in prerelease confinement. In response, the Respondent filed the instant Motion to Dismiss.

## II.
### LEGAL STANDARDS

### A. *Federal Rule of Civil Procedure 12(b)(1)*

Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims absent jurisdiction the Constitution or a statute confers. *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[T]here is a Presumption against subject matter jurisdiction." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The party seeking the federal forum bears the burden of demonstrating jurisdiction in Federal court. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (same); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

Absent jurisdiction a statute or the Constitution confers, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)); *see also* Fed. R. Civ. P. 12(h)(3). Parties cannot waive the lack

of jurisdiction. *Id*.; Fed. R. Civ. P. 12(h)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.* (Miss. Plaintiffs), 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

### C. First Step Act

The First Step Act (FSA) authorizes the Bureau of Prisons to grant Federal Time Credits (FTC or "FSA Time Credits") to eligible inmates. See 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is

successfully participating in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Activities (PAs)] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 C.F.R. § 523.42(b). Inmates may not use programming completed prior to the enactment of the First Step Act on December 21, 2018, to earn FSA Time Credits. 18 U.S.C. § 3632(d)(4)(B).

Time Credits earned may be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). More specifically, the statute provides, "The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release. *Id*. Those inmates meeting the eligibility criteria laid out in 18 U.S.C. § 3624(g)(1), and have a term of supervised release as part of their sentence, are eligible to apply credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, **not to exceed 12 months,** based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3)(emphasis added); *see also* 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred.").

BOP is granted discretion to allocate these credits to either prerelease custody, or supervised release. See 18 U.S.C. § 3632(d)(4)(C). Congress defines pre-release custody as home confinement (HC) or placement in a residential reentry center ("RRC" or "halfway house"). 18 U.S.C. § 3624(g)(2). Although Congress has authorized the BOP to utilize either or both of these types of pre-release custody, it does not prescribe when one should be used rather than the other,

nor does it mandate the use of home confinement. Instead, this is left to the discretion of the Bureau of Prisons, and there is no statutory requirement that any inmate be designated to home confinement for any portion of his sentence. Notably, a transfer to prerelease custody does not terminate an inmate's confinement. Instead, this is merely a transfer to a lower level of confinement, as generally authorized by 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment…"). Ultimately, he must continue his prerelease custody until his sentence is satisfied. The Bureau of Prisons has exercised this discretion to apply the first 365 FSA Time Credits to early release (early transfer to supervised release). *See* Program Statement 5410.01, First Step Act of 2018 – Time Credits at 16 (for inmates meeting eligibility criteria, "up to 365 days of earned FTCs will be automatically applied to early release")(available at www.bop.gov). Any credits in excess of 365 may be applied to pre-release custody, including transfer to a Residential Reentry Center (RRC), or to Home Confinement. *See* 18 U.S.C. § 3632(d)(4)(C).

### III.
### ANALYSIS

#### A. Failure to Exhaust

Here, Petitioner does not deny that he did not exhaust administrative remedies prior to filing this habeas action. Instead, he makes unsubstantiated claims that he submitted filings, but staff would not accept or respond to them. Petitioner has made allegations of such circumstances; however, as the Respondent contends, he fails to provide evidence to carry the burden of proof on them. Simply, there is no evidence of the futility he is claiming. BOP records show Petitioner has made no attempt to file administrative remedies concerning his desire to have FSA time credits apply for prerelease custody. Doc. 10, att. 2, pp.3-4, ¶¶ 4-5. Accordingly, the petitioner is subject to dismissal for failure to exhaust administrative remedies.

Petitioner argues that he made "reasonable efforts" to exhaust all "available administrative remedies" and, as such, exhaustion should be waived.

The Court will address Petitioner's claims on the merits.

### B. Credits Towards Release

To the extent that Petitioner's argument could be construed as a claim that the BOP is not awarding FSA Time Credits towards the Petitioner's release date, that claim is moot, as Petitioner is already projected to receive the maximum early release of 365 days. An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).

As described above, Petitioner has earned 855 FSA Time Credits, of which the maximum allowable 365 have been applied to reduce his sentence, and his projected release date has been advanced by twelve months, from May 30, 2025, to May 30, 2024. Petitioner is not entitled to apply any more than 365 credits to reduce his projected release date and effectively receive an early release. Congress explicitly limited the number of credits which may be applied for this purpose:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3).  In other words, BOP may not reduce an inmate's term of incarceration by applying FTC credits in excess of 12 months, or 365 days. For this reason, Petitioner is not entitled to any further reduction in sentence (early transfer to supervised release).

Petitioner is only eligible to apply Time Credits in excess of the 365 days to increase his time in pre-release custody (at a Residential Reentry Center, or in Home Confinement). *See* 18 U.S.C. § 3632(d)(4)(C). The Respondent argues, and this Court agrees, that as Petitioner has already had his sentence reduced by the maximum twelve months authorized by law, there is no live case or controversy on this point, and the Court is unable to grant further relief if Petitioner is seeking additional credit towards his release date. Thus, the petition should be dismissed on this point.

### C.  *Credits for Prerelease Confinement and Prerelease Placement*

Petitioner also disputes the agency's decision about where he should serve out the remainder of his sentence, between now and May 30, 2024; specifically whether BOP should be ordered to transfer Petitioner to prerelease custody. In other words, this petition challenges not the fact or duration of his confinement, rather, it challenges a condition of his confinement.

In determining when an inmate may bring a claim via habeas "the instructive principle" is that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought [as civil rights actions]. *Poree v. Collins,* 866 F.3d 235, 243 (5th Cir. 2017). The Fifth Circuit has previously clarified that where the inmate's challenge "affects the timing of his release from custody," it should be brought under habeas. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). However, "[i]f a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a [civil rights action]." *Id*. The court lacks jurisdiction to review the agency's decision

about designation. The agency retains the discretion to determine whether to place an inmate in a BOP facility, to transfer an inmate to an RRC, or to designate an inmate to home confinement.

Petitioner does not allege that the government is without authority to detain him. Petitioner does not allege that BOP has miscalculated his sentence, or disallowed Good Conduct Time in violation of due process. He does not even allege he has been denied early transfer to supervised release under the First Step Act. Instead, Petitioner challenges only the location BOP has designated for him to serve out the remainder of his sentence. He claims the agency's failure to place him in a RRC, for a time he does not specify, negatively affects his ability to prepare for his release from his sentence. This challenge does not impact Petitioner's release date and is therefore not reviewable in habeas.

Furthermore, it is well established that an inmate has no protectable liberty interest in his custodial classification, or in being housed at a particular facility or custody level. *See Olim v. Wakinekona,* 461 U.S. 238, 250-51 (1983). The Constitution does not guarantee an inmate will be placed in a prison facility with any particular security classification. *See Meachum v. Fano*, 427 U.S. 215 (1976). The "decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another." *Id*. at 224. "As long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). "[I]t is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status.'" *McCord v. Maggie*, 910 F.2d 1248, 1250 (5th Cir. 1990), citing *Wilkerson v. Maggio*, 703 F.2d 909, 911 (5th Cir. 1983).

Importantly, Congress has acted to preclude judicial review of BOP's designation decisions: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b)(5). Indeed, "the provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625 (referring to sections 3621 through 3626). For this reason, BOP's determinations under sections 3621(b) and 3624(g) are unreviewable by the court. *See e.g. Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000)(applying section 3625 to preclude judicial review of 3621(e) decision).

As the Ninth Circuit stated in *Reeb v. Thomas*:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. … To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 [or 3624] would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP [under these provisions] is not reviewable by the district court.

636 F.3d 1224, 1227 (9th Cir. 2011).

The First Step Act has not changed this. *See, e.g. Mingo v. Bragg*, 2020 WL 8371203, *2 (D. S.C. July 28, 2020) ("The First Step Act did not alter the BOP's statutory authority to determine when, or if, [an inmate] is placed in an RRC or on home confinement."). Congress was clear in its grant of discretion: "The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under subsection 3624(g),* into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(emphasis added). As with all designations, any proposed transfer to a RRC or Home Confinement necessarily implicates section 3621(b), which authorizes "the Bureau of Prisons [to] designate the place of the prisoner's imprisonment." When exercising its discretion to determine where to house an inmate, the Bureau of Prisons considers, among other things, "the resources of

the facility contemplated; the nature and circumstances of the offense; [and] the history and characteristics of the prisoner." 18 U.S.C. § 3621(b). And of course, such a transfer also implicates section 3624(c), which states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility. 18 U.S.C. 3264(c)(1)(emphasis added).

As the Respondent asserts, this habeas action is not an appropriate mechanism for Petitioner to dispute the agency's placement decision or actions as it comes to preparing his for release from custody. Therefore, the petition should be dismissed for lack of jurisdiction.

The Respondent represents to the Court that the BOP has acted with diligence to afford Petitioner an opportunity for prerelease placement. Because of the nature of Petitioner's criminal offense, an RRC location in his sentencing district could not be obtained. Doc. 10, att. 1, p. 6, ¶ 7. For this reason, a relocation of his supervision assignment was requested. *Id*. Specifically, a request was made for his supervision to be transferred to the Houston United States Probation Office (Houston USPO). *Id*. The Houston USPO denied the transfer of supervision after release information could not be verified. *Id*. After that denial, Petitioner expressed he did not want to participate in RRC placement. *Id*. Had Petitioner been allowed a transfer of supervision, and had he not declined to participate in RRC placement, he has up to 490 days credit Petitioner that could be applied towards prerelease custody. Id., ¶¶ 6-7. The BOP is not preventing his placement in prerelease custody. Thus, dismissal is appropriate also as Petitioner fails to state a claim.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss (doc. 10) be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions (docs. 12 and 18) be **DENIED** and **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in chambers this 3rd day of June, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE